IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00687-M-KS

CHRISTOPHER JOHNSON,                )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )        ORDER
                                    )
EXPERIAN INFORMATION                )
SOLUTIONS,                          )
                                    )
    Defendant.                      )
_____)

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Kimberly A. Swank in this case on August 1, 2024 [DE 27]. In the Recommendation, Judge Swank recommends that the court grant in part and deny in part Defendant's motion to dismiss. DE 27 at 6-8. Defendant filed a limited Objection to the portion of the Recommendation that recommended denying in part the motion to dismiss. DE 30. For the reasons that follow, the court overrules the Objection and adopts the Recommendation in full.

## I. Plaintiff's Facts[1]

Relevant here, Plaintiff financed the purchase of a vehicle through a creditor. DE 1-3 at 3. In late 2021 and early 2022, he missed a series of monthly payments due to "job loss & covid." *Id.* at 4. He received a pandemic-related accommodation from the creditor, which meant that the

---

[1] At this stage, the court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Within that scope, the "court accepts all well-pled facts as true and construes the[] facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

creditor was obligated to report his delinquent payments as current once he brought his account back to current. *Id.*; *see also* 15 U.S.C. § 1681s-2(F)(ii)(II).

Plaintiff brought his account with the creditor to current, but the delinquent payments "were never" updated. *Id.*; *see also id.* at 9. As a result, he filed a dispute with Defendant, a credit reporting agency ("CRA"), triggering Defendant's obligation to investigate the alleged inaccuracies in Plaintiff's credit report. *Id.*; *see also* 15 U.S.C. § 1681i(a)(1)(A). Defendant concluded its investigation with a statement that its "records indicate that the disputed item is not displaying on [Plaintiff's] credit report." *Id.* at 14. But Plaintiff contends that the "late payment(s) [are] still reporting." *Id.* at 4; *see also id.* at 9. Plaintiff therefore alleges that Defendant has violated its obligations under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*

## II. Standards of Review

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## III. Analysis

Plaintiff specifically asserts violations of § 1681i and § 1681s-2. Judge Swank recommends that the court dismiss the Section 1681s-2 claim because that provision of the FCRA only applies to furnishers of information (such as the creditor in this case), not CRA's like

2

Defendant. DE 27 at 6. Neither party objected to this portion of the Recommendation, and it is not clearly erroneous. *Diamond*, 416 F.3d at 315. The court therefore adopts this conclusion.

Judge Swank further recommends denying Defendant's motion to dismiss the Section 1681i claim. DE 27 at 7. That provision obligates CRA's to conduct reasonable investigations of alleged inaccuracies in a consumer's credit report. *Spitzer v. Trans Union LLC*, 140 F. Supp. 2d 562, 566 (E.D.N.C. 2000), *aff'd*, 3 F. App'x 54 (4th Cir. 2001). Defendant, in its motion to dismiss, argued that Plaintiff "fail[ed] to plausibly allege any factual inaccuracy in Defendants' reporting." DE 14 at 4. But, as Judge Swank explains, Plaintiff "plausibly alleged an inaccuracy in his credit report based upon the late payments" because he "expressly alleged" that he received a pandemic-related "accommodation," and so therefore "the disputed late payments . . . may be inaccurate." DE 27 at 7-8. Defendant offers three arguments in response, but after de novo consideration, the court finds none of them availing.

First, Defendant contends that the Recommendation erred because the CARES Act Amendment to the FCRA, which requires a creditor (who has granted an accommodation to the debtor) to report the late payments as current, does not apply to CRA's. DE 30 at 5. Although Defendant is correct that the Amendment does not *directly* impose obligations on CRA's, *see Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 462–63 (D.N.J. 2023), CRA's still retain a statutory obligation to reasonably investigate "the completeness or accuracy of any item of information contained in a consumer's file." 15 U.S.C. § 1681i(a)(1)(A). Thus, even if the creditor (and not Defendant) was originally responsible for the inaccuracy in the consumer's file, Defendant could still face liability by failing to reasonably investigate that inaccuracy. *See Keller v. Experian Info. Sols., Inc.*, No. 1:23-CV-409, 2024 WL 1349607, at *3 (M.D.N.C. Mar. 30, 2024) (explaining that although "CRA may rely on information from a reputable source initially to

3

compile a consumer's credit file . . ., [Section] 1681i sets forth more detailed procedures for 'reinvestigating' an entry on a credit report once a reporting agency is put on notice that the information may be incomplete or inaccurate"). Defendant's argument as to "[t]he limited reach of the CARES Act Amendment," DE 30 at 5, therefore does not offer a basis to reject the Recommendation.

Second, Defendant asserts that Plaintiff "failed to allege he received an 'accommodation.'" DE 30 at 6. This assertion is wrong. The Complaint plainly alleges that the creditor's "Senior loan officer Kayla Smith arranged a secondary accommodation with Plaintiff to bring the account back to current." DE 1-3 at 4. Defendant disputes that the exhibits Plaintiff attached to the Complaint adequately corroborate that allegation, *see* DE 30 at 6, but documentary corroboration at this stage is unnecessary because the court accepts Plaintiff's allegation that he received an accommodation as true, *Nemet Chevrolet*, 591 F.3d at 255. Defendant's position is better reserved for summary judgment.

Lastly, Defendant argues that its reporting was accurate because the creditor "began reporting [Plaintiff's] account as current" after he brought his account current, "which is all the CARES Act Amendment would require." DE 30 at 8. As support, Defendant cites a portion of an exhibit Plaintiff attached to his complaint, which reflects a current status beginning in March 2022. *See id.*; *see also* DE 1-3 at 9:

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | ✓ | ✓ | ✓ | – | – | – | – | – | – | – | – | – |
| 2022 | 90 | 60 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 30 | 60 | 90 |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | – | – | – | – | – | – | – | – | – | ✓ | ✓ | ✓ |

✓ Current / Terms met
Past due 30 days
Past due 60 days
Past due 90 days

4

This final argument, not raised in Defendant's motion to dismiss, *see* DE 14 at 4-6, is arguably not properly before the court. *Elijah v. Dunbar*, 66 F.4th 454, 460 n.3 (4th Cir. 2023) ("district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation"). Even if the court considered the argument, it's not apparent that continuing to maintain past due payments on a consumer's credit report would be consistent with a creditor's reporting obligations under the Amendment. *See* 15 U.S.C. § 1681s-2(F)(ii)(II) (providing that "if the credit obligation . . . was delinquent before the accommodation," the creditor must "report the obligation . . . as current" once the consumer "brings the credit obligation . . . current"). Moreover, the exhibit (which dates from March 2023), does not necessarily contradict Plaintiff's allegation in the Complaint (from November 2023) that Defendant is "still" reporting the late payments. DE 1-3 at 4. Ultimately, the court declines to use an undeveloped factual record to resolve a factual dispute.

## IV. Conclusion

Defendant's objections [DE 30] are OVERRULED. The court ADOPTS the Recommendation [DE 27] in full. Defendant's motion to dismiss [DE 13] is GRANTED IN PART as to the Section 1681s-2 claim, and DENIED IN PART as to the Section 1681i claim, which shall proceed.

SO ORDERED this 5th day of September, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE